UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

UNITED STATES OF AMERICA,

        - v. -                                            7:08-CR-0373 (GHL)

**DONALD W. WALTON, JR.,**
                    **Defendant.**

─────────────────────────────────────

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. ANDREW T. BAXTER<br>Acting United States Attorney for the<br>  Northern District of New York<br> c/o U.S. Army Judge Advocate General's Corps<br>141 Lewis Avenue<br>Fort Drum, New York 13602 | KRISTEN M. FRICCHIONE, ESQ.<br>Special Assistant U.S. Attorney |
| OFFICE OF SETH BUCHMAN<br>Counsel for Defendant<br>20298 South Shore Road<br>Three Mile Bay, New York 13693 | SETH BUCHMAN, ESQ. |

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## MEMORANDUM-DECISION & ORDER

      Defendant Donald W. Walton, Jr., has been charged by Information with aggravated driving while intoxicated per se, driving while intoxicated, and disorderly conduct. Dkt. No. 1. He has moved for "dismissal, suppression and approval for funds to hire expert." Dkt. No. 6, at 1. The essence of the motion for dismissal and suppression is that the "arrest and seizure of evidence in this matter were done in violation of the Fourth Amendment." *Id.*, at 2. The Government opposes the motion. Dkt. No. 7. A hearing was held on March 11, 2009. The motion is denied.

## FACTS

      At 4:30 a.m. on June 28, 2008, Officer Brian D. Kimball, a Security Officer posted at the

North Gate, Fort Drum, New York, observed a vehicle operating in lane 1 of the North Gate's outbound lanes. Officer Kimball testified that at that time he was checking each outbound vehicle for a suspect who was being sought by the Fort Drum military police. He was doing so pursuant to a "BOLO" ("be on the lookout of") that had been issued earlier that evening. Gov't Exhibit A.

Officer Kimball signaled with his flashlight for the vehicle to stop. It eventually did so, and as Officer Kimball asked the driver (later identified as the Defendant) for identification, he smelled the odor of alcohol coming from the vehicle. The Defendant subsequently was administered a field sobriety test, a preliminary breath test, and a DataMaster breathalyzer test. During this process the Defendant allegedly became agitated and combative. The charges set forth in the Information are based upon these events.

## DISCUSSION

The Fourth Amendment proscribes *unreasonable* searches and seizures. Generally speaking, a search not supported by probable cause is unreasonable. However, such a search is reasonable if the subject of the search consents to it. Courts uniformly have held that a person who is on a closed military base impliedly consents to be searched even when probable cause to do so is not present. *See Morgan v. United States*, 323 F.3d 776 (9th Cir. 2003); *United States v. Jenkins*, 986 F.2d 76 (4th Cir. 1993), *United States v. Ellis*, 547 F.2d 863 (5th Cir. 1977). As stated in *Jenkins*: "searches on closed military bases have long been exempt from the usual Fourth Amendment requirement of probable cause." *U.S. v. Jenkins*, 986 F.2d at 79. Defendant has cited no law to the contrary. Accordingly, since it is undisputed that Fort Drum is a closed military base, the Defendant impliedly consented to the stop and search at issue, irrespective of the presence or absence of probable cause,

and therefore his "motion for dismissal and suppression" (Dkt. No. 6, at 2) is **DENIED**.[1]

Dated: March 25, 2009
      Syracuse, New York

                                              George H. Lowe
                                              United States Magistrate Judge

---

[1] The Court defers until April 8, 2009, a decision on Defendant's motion for "approval for funds to hire expert." Dkt. No. 6, at 2. On that date the Court will address the status of that motion.